## Commonwealth v. Long et al

*Charles W. Eaby*, for petitioner.

*Paul A. Mueller*, for respondent.

ATLEE, P. J., January 17, 1936. — Harry Long was prosecuted for the felonious entry of the chicken house of one Aaron Smoker and for the larceny therefrom of 48 chickens of the value of $48. Upon return of the case to court the district attorney presented to the grand jury at June term, 1935, a bill of indictment charging Long in the first count with felonious entry and in the second count with larceny. The grand jury returned "Not a true bill, costs to be paid by A. G. Cunningham, prosecutor."

The said A. G. Cunningham then presented to this court a petition setting forth that he is the constable of East Lampeter Township; that on April 26, 1935, at the request of one Aaron Smoker, an Amishman, Cunningham brought a complaint against Harry Long and Henry A. Roland; that Leroy T. Foultz, a material witness for the Commonwealth, whose name appeared on the back of the complaint, was not listed as a Commonwealth witness on the back of the indictment and was not called before the grand jury; and that Jacob H. Weller, county detective, who was a material witness for the Commonwealth and whose name appeared on the back of the indictment, was not called before the grand jury because someone drew a line through his name.

Averring that the petitioner made the complaint in pursuance of his duties and that he was not actuated by revenge or spite, and that the said Henry A. Roland pleaded guilty on a separate indictment, the petitioner asks that the imposition of the costs upon him be struck off. To this petition the district attorney has filed an answer questioning the good faith of Cunningham in bringing the complaint. The mere fact that the prosecutor is a police officer does not excuse him from liability for costs.

At common law neither the prosecutor nor the county is liable for costs in criminal cases; the defendant is bound to pay them whether found guilty or not guilty; his only remedy in case of acquittal is a right of action for malicious prosecution: See Strein v. Zeigler, 1 W. & S. 259. To enable either a grand jury or a petit jury to impose costs upon prosecutors or the county, it is necessary to find some statutory authority. Various acts of assembly have been passed on this question and finally there was passed the Act of May 3, 1933, P. L. 238, sec. 1, 19 PS §1227, which provides that, where the value of goods alleged to have been stolen or received shall be less than $100 in all prosecutions for larceny or receiving

stolen goods, on ignoring the bill the grand jury may impose the costs either on the county or the prosecutor, and in all cases of acquittal the petit jury may impose the costs on the county or the prosecutor or the defendant, or may divide the costs between the prosecutor and the defendant. In prosecutions for assault and battery where a felony is charged, under the provisions of the Act of May 25, 1897, P. L. 89, sec. 2, 19 PS §1228, the costs may be similarly disposed of by either the grand jury or the petit jury.

In the indictment in the instant case it is to be noted that there is a count of felonious entry. In cases of felonious entry neither the grand jury nor petit jury has the right to impose costs upon a prosecutor. The primary liability for costs on all bills of indictment charging a felony is imposed upon the county by the Act of May 11, 1874, P. L. 132, sec. 1, 19 PS §1224.

It is impossible to apportion costs in an indictment charging in one count the offense of felonious entry and in another count the offense of larceny. There was no authority for imposing the costs upon the prosecutor and the court is compelled to make absolute the rule to show cause why costs imposed upon A. G. Cunningham, prosecutor in this case, should not be struck off.

The finding of the grand jury imposing costs upon A. G. Cunningham, prosecutor, is struck off. Rule made absolute.     From George Ross Eshleman, Lancaster.